## LIBERTY TP. v. HUTCHINSON COUNTY.

1. Under chapter 121, Laws 1889, as amended by chapter 149, Laws 1890, an organized civil township is entitled to credit for the amount of the "dog tax" collected in such township under said law, notwithstanding the entire county may not be organized into civil townships.

2. Where the board of county commissioners and the treasurer refuse to allow such amount to be credited or paid over to the township entitled to it, and resist an action therefor on the ground only that the county, and not the township, is entitled to the same, judgment for the amount so collected is properly rendered in favor of the township and against the county.

3. In such action the county cannot raise the question of the constitutionality of the act authorizing the tax, for, having collected the money, it would not be relieved of its obligation to account for it because the law under which it was collected was invalid.

(Syllabus by the Court. Opinion filed Oct. 12, 1895.)

. Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge,

Action to recover taxes. Judgment for plaintiff, and de-' fendant appeals. Affirmed.

The facts are stated in the opinion.

*Wellington Brown,* State's Attorney, for appellant.

*John G. Hawley,* for respondent.

KELLAM, J. The respondent township, being an organized township of the appellant county, brought this action to recover from the county the amount of a tax called a "dog tax," collected by appellant county from residents of respondent township. Upon an agreed statement of facts adopted by the trial court as its findings, judgment was rendered for the township, and from such judgment the county appeals.

Chapter 121, Laws 1889, imposed a tax against the owner or keeper of dogs of one dollar for every dog so owned or kept by him, to be collected in the same manner as other taxes upon personal property. This law made no express provision as to what disposition should be made of such taxes when collected. Chapter 149, Laws 1890, amended the same by adding: "And when collected shall be placed to the credit of the civil township fund, if organized into townships, or to the county general fund if not so organized, or to the fund of the city or corporation from which said tax was collected; provided, that in counties not organized into civil townships, said tax shall be placed to the credit of the county general fund." Every civil township, when duly organized under the provisions of the statute, becomes an independent organization, and assumes and is charged with certain local expenses and liabilities, which prior to and without such organization, rest upon the county at large; and it seems to us that the very purpose and scope of this amendment of 1890 was to credit back to any organized township for its own use whatever of such tax had been collected from it. The contention of appellant that no part of this tax is

to be credited to any township unless every township in the county is organized would, if adopted, work great injustice to such townships as were organized. They contribute their dog tax to the county general fund and pay their own township expenses. The unorganized townships contribute their dog tax to the county general fund, and have their local expenses partially paid from it; thus compelling the organized townships to not only support themselves, but to contribute this tax to the support of the unorganized townships of the county. We think the meaning of this amendment is the same as though it read: "And when collected shall be placed to the credit of the civil township fund, so far as organized into townships," etc. This view is corroborated by the provision that each city or corporation is entitled to so much of said tax as was collected from it. There is the same reason for crediting the tax back to the organized township which contributed it as to the city which contributed it, and it will hardly be contended that the city from which it was collected is not entitled to credit for it, unless every township in the county in which it is situated is organized.

It is further insisted that no demand is shown to have been made upon the county before bringing action. If, in this case, a demand was necessary, we think the findings show it. The treasurer of the plaintiff township "made demand upon the treasurer of the county to have said dog tax placed to the credit of the plaintiff township, and to pay to the treasurer thereof, and has made demand upon upon the board of county commissioners of said county for an order directing the said treasurer to place said dog tax to the credit of said plaintiff township, or pay the same to the treasurer thereof."

Nor do we think that appellant is in position to question the constitutionality of this law under which this tax was collected. Appellant county admits that it has collected and holds this money under the provisions of this law. If it, or any part of it belongs to respondent, it would not relieve the county of

its obligation to account for it that the law under which it was collected was invalid. This case has been tried throughout as a question of whether this organized township was entitled, under this law, to be credited with the amount of this tax collected from it. At the end of appellant's brief it is claimed that even if, on the merits, this question must be answered in favor of the respondent township, its proper remedy was by mandamus against the county treasurer and not by action against the county. This suggestion is apparently made for the first time in this court, and, though late in point of time, we think a sufficient answer to the claim would be that the statute does not, in terms, at least, impose any duty upon the county treasurer as such, and by the stipulation of the parties and the findings of the court it expressly appears that the county itself, through its authorized fiscal managers, its board of county commissioners, and refused to allow the same to be credited to the civil township fund, or to be paid over to the respondent township, but willfully retains the same as a part of its own funds, to be used and controlled by it. The judgment of the circuit court is affirmed.